**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MONSIEUR SHAWNELLIAS BURGESS,<br><br>Plaintiff,<br><br>v.<br><br><br>BRADFORD HILLS HOA, METROPOLITAN PROPERTY MANAGEMENT LLC, CHRISTOPHER CUMMINGS, JAMES SUMMAR, JOHN PYLE, LINDSAY VRABIC, YORDAN PORASHKA, and KATHY HOLBROOK,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 3:25-CV-00930<br><br><br>JUDGE WILLIAM L. CAMPBELL, JR. |

---

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

---

COME NOW, Defendants Bradford Hills HOA, Metropolitan Property Management LLC, Christopher Cummings, James Summar, John Pyle, Lindsay Vrabic, Yordan Porashka and Kathy Holbrook, by and through counsel, and file their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In support of thereof, Defendants respectfully show this Court as follows:

## I. INTRODUCTION

Plaintiff is a homeowner and member of the Bradford Hills Homeowners' Association ("HOA"). (*Complaint*, p. 2). Bradford Hills Homeowners' Association, Inc. is a nonprofit corporation formed under the laws of the State of Tennessee. Individual defendants Christopher Cummings, James Summar, John Pyle, Lindsay Vrabic, and Yordan Porashka are members of the

HOA Board ("the individual HOA defendants"). (*Complaint*, p. 4). Metropolitan Property Management ("MPM") is the management company. (*Complaint*, p. 6). Individual defendant Kathy Holbrook is a former employee of MPM. (*Complaint*, p. 4 and Docket Entry No. 21, Plaintiff's Motion to Clarify GRSM Notices of Appearance and Exhibit 3 to Motion) ("Pursuant to Metropolitan's website, this Kathy Holbrook is no longer employed by Metropolitan as she has been removed from their website.").

On March 26, 2025, Plaintiff was issued a notice of violation by MPM on behalf of the Bradford Hills HOA "for signs in his lawn." (*Complaint*, p. 6). This suit follows. Plaintiff alleges Defendants have discriminated against him based on his "race and his status as a victor in the previous legal case." (*Complaint*, p. 2). Plaintiff cites to Tennessee Circuit Court case 20C1835, which held, regarding a 2020 Complaint filed by Plaintiff about another HOA violation notice, "Plaintiff has not violated the Bradford Hill's HOA's CCRs." (Docket Entry No. 1-1, Exhibit 2 to *Complaint*). Plaintiff characterizes this as a "final order," though it is more specifically the "Court's Final Order on Plaintiff's Request for a Declaratory Judgment as Interpreted by the Court of Appeals' Opinion." *Id*. The State Court docket for this matter continues until January 17, 2025, and includes 156 docket entries after this Order. Plaintiff appears to raise, in the instant Complaint, claims defendants have violated the State Court's 2023 Order. Following entry of this Order, the parties to the State Court Action entered a Settlement Agreement. (*Complaint*, p. 5). Plaintiff appears to raise, in the instant Complaint, claims defendants have violated the release section of that Agreement by issuing the 2025 notice of violation. Plaintiff raises claims of "Discrimination, Harassment and Retaliation (under Title VIII of the Civil Rights Act of 1968 […]), Selective Enforcement […], Breach of Fiduciary Duty by both the HOA and the Board […], Ultra Vires Acts […], Breach of the Settlement Contract […], and Negligence," apparently each against all

defendants. (*Complaint*, p. 4). Several of these causes of action are not available to Plaintiff, the individual defendants are not liable for these claims, and Plaintiff has failed to establish any of these claims in his Complaint. For these, and the below, reasons, Plaintiff's Complaint should be dismissed in its entirety and with prejudice.

## I. LEGAL ANALYSIS

### A. Individual Defendant Members of the Bradford Hills HOA Are Immune from Suit

Bradford Hills HOA is a nonprofit corporation. (Exhibit A[1]; Corporate Disclosure Statement). Pursuant to Tennessee Code Annotated § 48-58-601:

> (b) The general assembly finds and declares that the services of nonprofit boards are critical to the efficient conduct and management of the public and charitable affairs of the citizens of this state. Members of such nonprofit boards must be permitted to operate without concern for the possibility of litigation arising from the discharge of their duties as policy makers.
>
> (c) All directors, trustees or members of the governing bodies of nonprofit cooperatives, corporations, clubs, associations and organizations described in subsection (d), whether compensated or not, shall be immune from suit arising from the conduct of the affairs of such cooperatives, corporations, clubs, associations or organizations. Such immunity from suit shall be removed when such conduct amounts to willful, wanton or gross negligence. […] Nothing in chapters 51-68 of this title shall be construed to grant immunity to the nonprofit cooperative, corporation, association or organization.
>
> (d) Subsection (c) shall apply to the following:
>
> (3) Nonprofit corporations, associations and organizations which are exempt from federal income taxation under § 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. § 501(c)(3)), as amended;
>
> *Tenn. Code Ann.* § 48-58-601.

[1] "In any case, the court may take judicial notice of public records 'whose accuracy cannot reasonably be questioned,' Fed. R. Evid. 201(b)(2), without converting a Rule 12 motion into a motion for summary judgment." *Zajaros v. Volvo Car Corp.*, No. 3:23-CV-00951, 2025 WL 1762963, at *4 (M.D. Tenn. June 25, 2025) (citing *Blackwell v. Nocerini*, 123 F.4th 479, 487 (6th Cir. 2024)).

"There is no willful, wanton, or gross negligence, so the immunity provided by the Tennessee Code Annotated § 48-58-601(c) applies here as well, at least as to the individual defendants." *Burke v. Tennessee Walking Horse Breeders' & Exhibitors' Assoc.*, No. 01A01-9611-CH-00511, 1997 WL 277999, at *6 (Tenn. Ct. App. May 28, 1997). Plaintiff does not allege willful, wanton, or gross negligence. Accordingly, Plaintiff's claims against the Individual HOA defendants must be dismissed. *See Urbanavage v. Cap. Bank*, No. M201601363COAR3CV, 2018 WL 3203100, at *7 (Tenn. Ct. App. June 29, 2018) ("Thus, the Association directors are immune from suit as a matter of law unless Plaintiffs put forth evidence establishing a material question of fact as to whether the members' conduct of the Association's affairs amounted to willful, wanton, or gross negligence."). Plaintiff's claim for negligence cites the "court order" and the Settlement Agreement. (*Complaint*, p. 16, ¶ 38-39). Neither of these claims would, first, be properly brought as negligence as both have separate avenues for resolution and, second, these claims do not allege willful, wanton, or gross negligence or conduct which amounts to such. Plaintiff's claims against the Individual HOA defendants must be dismissed under *Tenn. Code Ann.* § 48-58-601.

**B. Plaintiff Raises No Claim of Racial Discrimination Under the Fair Housing Act**

Plaintiff attempts to raise claims under the Fair Housing Act for alleged conduct based on race. "The Fair Housing Act prohibits discrimination in the sale or rental of housing because of 'race, color, religion, sex, familial status, or national origin.'" *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 230 (6th Cir. 2003) (quoting 42 U.S.C. § 3604). Assuming for the purposes of this motion the Fair Housing Act applies to the alleged conduct at issue, Plaintiff fails to allege this conduct was due to his race.

In his Complaint, Plaintiff cites his race four times. First, Plaintiff concludes "the Defendants [sic] motivation was based on Plaintiff's race and his status as a victor in the previous

legal case." (*Complaint*, p. 2). Second, Plaintiff contends, in a heading, "Racism, Harassment and Retaliation are the only reasons for the continued harassment and illegal fines" and concludes at the end of the section "Plaintiff contends that when […] there is no violation, and he as the homeowner belongs to a minority group, it is undeniably [sic] that the HOA's actions are clearly racism, harassment, and/or retaliation." (*Complaint*, p. 5). Third, "Plaintiff contends that if a court has declared that a minority homeowner is not in violation of the CCRs, and the HOA continues to fine that individual, the conduct is actionable under the FHA as it is motivated by discriminatory intent" and "Plaintiff contends that his race is the primary factor in the HOA's persistence to violate him for signs in his yard." (*Complaint*, p. 9, ¶ 22-23). Fourth, "Plaintiff contends because of his race the HOA and Board persist." (*Complaint*, p. 10).

Outside of these four references, the other eighteen pages of Plaintiff's Complaint cite to the "court order" and the Settlement Agreement. "Plaintiff claims that the Defendants have taken retaliatory and discriminatory actions against him because of his successful lawsuit against the HOA." (*Complaint*, p. 1). Plaintiff himself concludes "[t]he Defendants have harassed, discriminated and retaliated against the Plaintiff because he won his state case […]." (*Complaint*, p. 2). Plaintiff does not allege the race of any individual involved in these claims, any racial statement, any racial comparator, or any racially discriminatory intent or impact. Plaintiff's claims are based on his "status as the victor in the previous legal case." (*Complaint*, p. 2).

Additionally, Plaintiff misunderstands the claims at issue when he alleges that simply because he is "African American/Native American," an HOA violation fine levied against him is "undeniably" "clearly racism." (*Complaint*, p. 5). These allegations do not survive the Court's scrutiny at the Motion to Dismiss stage. "First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported

by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "Second, determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64, 129 S. Ct. 1937 (citing *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id*. Plaintiff here raises no factual allegations, only conclusions and contentions. These are unable to support a claim under the Fair Housing Act. Plaintiff's claims under the FHA must be dismissed.

**C. Plaintiff has No Claim of Selective Enforcement Against a Nonprofit Corporation**

Plaintiff attempts to bring a claim of "Selective Enforcement," noting it is "more commonly articulated in cases involving governmental or regulatory enforcement." (*Complaint*, p. 9). Plaintiff's assertion that "selective enforcement is recognized as a claim in Tennessee case law, including in the context of HOA disputes," is uncited and unsupported by any reference. (*Complaint*, p. 9). Indeed, Plaintiff's only cited case is one brought against a governmental body. Likewise, although Plaintiff asserts "HOAs are often treated as quasi-governmental entities," this conclusion is not supported by any case law or statutory reference. (*Complaint*, p. 9).

In *421 Corp. v. Metro. Gov't of Nashville & Davidson Cnty.*, cited by Plaintiff, the Tennessee Court of Appeals wrote "persons asserting a selective enforcement claim must prove that *the regulatory or law enforcement decision* had a discriminatory purpose and produced a discriminatory effect." 36 S.W.3d 469, 480 (Tenn. Ct. App. 2000) (emphasis added) (citing *United States v. Armstrong*, 517 U.S. 456, 466, 116 S.Ct. 1480, 1487, 134 L.Ed.2d 687 (1996)). The Court

continued, "[t]here are two elements to a selective enforcement claim: (1) *the government* has singled out the plaintiff for adverse *regulatory or enforcement action* while others engaging in similar activity have not been subject to the same type of action and (2) that the decision to *prosecute* them rests on an impermissible consideration or purpose." *Id*. (emphasis added) (citing *National Loans, Inc. v. Tennessee Dep't of Fin. Insts.*, No. 01A01–9506–CH–00241, 1997 WL 194992, at *5 (Tenn.Ct.App. Apr. 23, 1997)) (No Tenn.R.App.P. 11 application filed).

This is because the Selective Enforcement claim is rooted in constitutional protections, which do not extend to private, nonprofit corporations. The *421 Corp.* Court cited *United States v. Armstrong*, 517 U.S. 456, 466, 116 S.Ct. 1480, 1487, 134 L.Ed.2d 687 (1996), for the proposition that "[p]ersons asserting a selective enforcement claim must prove that the regulatory or law enforcement decision had a discriminatory purpose and produced a discriminatory effect." *Id*. at 480. The *Armstrong* citation is to "selective-prosecution claim[s which] draw on 'ordinary equal protection standards.'" *Armstrong*, 517 U.S. at 465 (citing *Wayte v. United States*, 470 U.S. 598, 608, 105 S. Ct. 1524, 1531, 84 L. Ed. 2d 547 (1985)) ("Selectivity in the enforcement of criminal laws is ... subject to constitutional constraints."). The claim of selective enforcement has no applicability to the instant claims and must be dismissed.

**D. Plaintiff Has Alleged No Fiduciary Duty**

Plaintiff asserts defendants owe a fiduciary duty to "members" and, specifically, to himself. "In order to recover for breach of fiduciary duty, a plaintiff must establish: (1) a fiduciary relationship, (2) breach of the resulting fiduciary duty, and (3) injury to the plaintiff or benefit to the defendant as a result of that breach." *Atchison v. Hubbell Indus. Controls, Inc.*, 777 F. Supp. 3d 834, 852 (M.D. Tenn. 2025) (quoting *In re Estate of Potter*, No. W2016-01809-COA-R3-CV, 2017 WL 4546788, at *2 (Tenn. Ct. App. Oct. 11, 2017)) (internal quotation marks omitted).

Plaintiff fails to establish any fiduciary relationship between himself and the HOA or the individual HOA defendants. Plaintiff claims "HOAs are generally recognized as owing fiduciary duties to their members," but does not cite any supportive case law. (*Complaint*, p. 10). All three out of state, out of Circuit cases cited by Plaintiff relate to the fiduciary relationship between a developer and an HOA. *Colorado Homes, Ltd. v. Loerch-Wilson*, 43 P.3d 718 (Colo. App. 2001); *Laurel Rd. Homeowners Ass'n, Inc. v. Freas*, 191 A.3d 938 (Pa. Commw. Ct. 2018); *Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC,* 2009 UT 65, 221 P.3d 234. *Colorado Homes* does not hold "that a homeowners association owes a fiduciary duty to homeowners to enforce restrictive covenants in good faith and not arbitrarily," as Plaintiff claims. (*Complaint*, p. 10). As stated by a Colorado district court, "Plaintiff's reliance on *Colorado Homes* is misplaced. There, a division of the Colorado Court of Appeals concluded the economic loss doctrine did not bar ***a developer's*** claims for breach of fiduciary duty against a homeowners' association and its management company for failure to enforce restrictive covenants." *G.A. Resort Condo. Ass'n, Inc. v. Chicago Title Timeshare Land Tr., Inc.*, No. 19-CV-01870-RM-GPG, 2020 WL 7022354, at *3 (D. Colo. Nov. 30, 2020) (emphasis added) (citing *Colorado Homes*, 43 P.3d at 721). These decisions do not establish a fiduciary duty by an HOA or its Board to a homeowner.

Even if there were a fiduciary duty at issue – which Plaintiff has failed to establish or allege – there would be no breach. Plaintiff claims noncompliance with a "court order" and breach of a Settlement Agreement. For the reasons discussed elsewhere in this Motion, neither the "court order" nor the Settlement Agreement prohibit future notices of violation against Plaintiff. If they did, those claims would be more appropriately pursued in the State Court in which the "court order" originated or by the method provided in the Settlement Agreement.

Without a fiduciary relationship, there is no viable claim for breach of fiduciary duty. These

claims must be dismissed. As to Metropolitan Property Management or Kathy Holbrook, to the extent Plaintiff attempts to bring this claim against them, he has offered no allegations citing any relationship at all between himself and either MPM or Ms. Holbrook. These claims too must be dismissed.

**E. Plaintiff Has No Claim of "Ultra Vires Acts"**

There is no freestanding claim of "Ultra Vires Acts." (*Complaint*, p. 13, ¶ 33-34). *Ultra vires* is a legal doctrine, and often a doctrine used in defense of a claim. To the extent Plaintiff attempts to raise *ultra vires* as an independent cause of action, it should be dismissed.

Even if the doctrine applied to the instant matter, the *ultra vires* doctrine is used in evaluating contracts and Plaintiff has alleged none. *See California Nat. Bank v. Kennedy*, 167 U.S. 362, 368, 17 S. Ct. 831, 833, 42 L. Ed. 198 (1897) ("The doctrine of *ultra vires*, by which a contract made by a corporation beyond the scope of its corporate powers is unlawful and void […].") (quoting *McCormick v. Mkt. Nat. Bank*, 165 U.S. 538, 550, 17 S. Ct. 433, 436, 41 L. Ed. 817 (1897)). In the "ultra vires" section of his Complaint, Plaintiff refers to the "court order" and the Settlement Agreement. (*Complaint*, p. 13-14, ¶ 33-34.) Plaintiff appears to allege one or more defendants are in violation of the "court order" or the Settlement Agreement. Alleged violation of a court order is not a contractual claim. Plaintiff may allege one or more defendants violated the Settlement Agreement, but does not allege that contract itself is void or voidable. Plaintiff does not allege any contract by which the Bradford Hills HOA or MPM acted beyond the scope of their corporate powers. Plaintiff raises no claims to which the *ultra vires* doctrine could be applicable.

Additionally, the *ultra vires* doctrine concerns actions by a corporation. Any claim to which the *ultra vires* doctrine may apply is not properly brought against individual defendants, and so should be dismissed as to all individual defendants.

Finally, under Tennessee law, "the validity of corporate action may not be challenged on the ground that the corporation lacks or lacked power to act" except:

> (b) A corporation's power to act may be challenged in a proceeding against the corporation to enjoin an act where a third party has not acquired rights. The proceedings may be brought by the attorney general and reporter, a director, or by a member or members in a derivative proceeding.
>
> (c) A corporation's power to act may be challenged in a proceeding against an incumbent or former director, officer, employee or agent of the corporation. The proceeding may be brought by a director, the attorney general and reporter, or the corporation, directly, derivatively, or through a receiver, a trustee or other legal representative.

Tenn. Code Ann. § 48-53-104.

Plaintiff is not the attorney general and reporter or a director and does not bring this claim as the corporation. Plaintiff's lawsuit is not a derivative suit. A "derivative suit is one 'founded on a right of action existing in the corporation itself, and in which the corporation itself is the appropriate plaintiff.'" *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 528, 104 S. Ct. 831, 834, 78 L. Ed. 2d 645 (1984) (quoting *Hawes v. City of Oakland*, 104 U.S. 450, 460, 26 L.Ed. 827 (1882)); *see also Keller v. Est. of McRedmond*, 495 S.W.3d 852, 867–68 (Tenn. 2016) ("A derivative action is a suit brought by one or more shareholders on behalf of a corporation to redress an injury sustained by, or to enforce a duty owed to, the corporation.") (quoting *House v. Est. of Edmondson*, 245 S.W.3d 372, 380 (Tenn. 2008)). Here, Plaintiff sues for his own redress and recovery. Plaintiff has no standing to challenge any corporate action of Bradford Hills HOA or MPM for alleged *ultra vires* action. *Allmand v. Pavletic*, cited by Plaintiff, is inapplicable as it regards municipal action and a disputed contract. 292 S.W.3d 621 (Tenn. 2009) (citing the argument "'municipal corporations represent the public,' … In consequence, '[w]hen a municipality fails to act within its charter or under applicable statutory authority, the action is *ultra vires* and void or voidable.'" *Allmand*, 292 S.W.3d at 626 (quoting *City of Lebanon v. Baird*, 756 S.W.2d 236, 245 (Tenn.

1988)). *Allmand* does not establish standing, or a claim, for Plaintiff. Plaintiff's claim of "*ultra vires*" must be dismissed.

**F. Plaintiff Fails to Allege the Settlement Agreement was Breached**

Plaintiff asserts the Settlement Agreement, which resulted from the State Court Action, "waives all claims regarding specific CCR violations[.]" (*Complaint*, p. 14, ¶ 34-38). Plaintiff cites only one section alleged to be contained in the Settlement Agreement:

> The Releasor and Releasee agree to release and forever discharge the other from all claims, demands, actions, damages, and liabilities (including attorney's fees), whether direct or indirect, fixed or contingent, known or unknown, accrued or unaccrued, that the Releasor had, has, or claims to have against each other for or by reason of any matter, act, omission, or thing prior to the date of this Agreement, including but not limited to all claims and potential claims that could have been asserted in connection with the complaint and amended complaints in the above referenced lawsuit. Releasor and Releasees acknowledge that this agreement constitutes a general release and hereby waive any and all claims and potential claims for damages against the other that exists as of this date, even if the claims are not known to them.

(*Complaint*, p. 15, ¶ 35).

Plaintiff does not allege which, if any, defendants are "the Releasor." Assuming for the purpose of this Motion that Bradford Hills HOA is the Releasor, this section does not establish "that the HOA breached the settlement agreement by fining Plaintiff for the very issues the parties agreed to release." (*Complaint*, p. 15, ¶ 36). In the quoted section, the Releasor releases claims "prior to the date of this Agreement" "that exists as of this date." The Settlement Agreement was finalized "on or around January 12, 2024." (*Complaint*, p. 6). Plaintiff received a notice of violation on March 26, 2025. (*Complaint*, p. 6). The Agreement did not release future claims. Plaintiff fails to show any violation of the Settlement Agreement and his claim must be dismissed.

Additionally, Plaintiff does not allege the parties to or signatories of the Settlement Agreement. The State Court Action lists as defendants Bradford Hills HOA c/o Timmons

Properties Inc., Lynn Burka and Scott Weiss. (Exhibit 2 to *Complaint*). The signature page shows the signature of a representative for Bradford Hills HOA. (Exhibit 25 to *Complaint*). "The law presumes that a contract has been executed solely for the benefit of those who are parties to it. Thus, the general rule is that an individual who is not a party to a contract cannot sue for its breach." *Smith v. Chattanooga Med. Invs., Inc.*, 62 S.W.3d 178, 185 (Tenn. Ct. App. 2001). The individual HOA defendants, MPM, and Ms. Holbrook are not parties to the Agreement and a claim for breach is not properly brought against them. Plaintiff's claim of breach must be dismissed against all defendants.

### G. Plaintiff Raises No Claim of Negligence

Plaintiff attempts to raise a negligence claim against "defendants" regarding the "court order" and Settlement Agreement. Plaintiff cites out of state, out of Circuit case law to support the proposition that "if this breach causes harm to the homeowner, the elements of negligence are satisfied." (*Complaint*, p. 16, ¶ 38-40). Plaintiff's first reference, *Elnekave v. Via Dolce Homeowners Assn*., a California Court of Appeal decision, contains no reference to negligence. 142 Cal. App. 4th 1193, 48 Cal. Rptr. 3d 663 (2006). The California Court held a settlement was unenforceable under California Civil Procedure Code § 664.6. In Plaintiff's second reference, *Ostayan v. Nordhoff Townhomes Homeowners Assn., Inc.*, a California Court of Appeal declined to consider Ostayan's negligence claim as it was properly a claim of breach of fiduciary duty. 110 Cal. App. 4th 120, 125, 1 Cal. Rptr. 3d 528, 532 (2003). The Court affirmed the trial court's grant of summary judgment for the Association. Neither case has any applicability to a negligence claim before this Court on these allegations.

"A negligence claim under Tennessee law requires proof of each of the following elements: '(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling

below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate or legal cause.'" *Doe by Doe v. Piraino*, 688 F. Supp. 3d 635, 656 (M.D. Tenn. 2023) (quoting *Downs ex rel. Downs v. Bush*, 263 S.W.3d 812, 819 (Tenn. 2008)). "Duty, the first element of the claim, is defined as the 'legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm.'" *Id*. (quoting *McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995)). "Whether a defendant owes a duty to a plaintiff in any given situation is a question of law for the court." *Id.* (quoting *Riggs v. Wright*, 510 S.W.3d 421, 427 (Tenn. Ct. App. 2016) (internal quotation marks omitted). Plaintiff alleges no duty by any defendant to Plaintiff. Without duty, Plaintiff's negligence claim must fail.

Plaintiff seeks to enforce what he believes are the terms of the "court order" and the Settlement Agreement through a variety of incorrect venues. A failure to follow a court's order must be litigated in that court. Plaintiff alleges the State Court found "Plaintiff was not in violation of the HOA's CC&R's" and "the HOA didn't have authority to issues fines under its CC&R's" but does not plead the Court ordered Plaintiff never be fined or found to be in violation in the future. (*Complaint*, p. 5). A Settlement Agreement can be enforced according to that Agreement's choice of law. Plaintiff alleges the Agreement included a release, upon which he bases his argument. However, first, Plaintiff alleges the Agreement released claims "as of the date of signing," and Plaintiff's new violation accrued later. (*Complaint*, p. 5). Second, Plaintiff's reliance on the release is misplaced: a release of claims does not bind the HOA to fail to enforce its regulations in the future. Neither alleged noncompliance with a "court order" nor alleged breach of a Settlement Agreement are properly brought as a negligence claim. Neither establishes a duty by any defendant to Plaintiff. As such, Plaintiff's negligence claim must fail.

### H. Plaintiff Fails to Raise Any Allegations Against MPM or Ms. Holbrook

Plaintiff attempts to raise a claim of "aiding" against Ms. Holbrook and MPM. (*Complaint*, p. 16-17, ¶ 40-41). "Aiding" is not a civil cause of action and must be dismissed. The case cited by Plaintiff, *Brock v. Cobblestone Park Dev. Grp., LLC*, is not relevant to this claim. 2024-Ohio-2949. The *Brock* Court, an Ohio Court of Appeals, ruled the trial court erred failing to confine itself to the allegations in the pleadings when it granted the Defendants' motion for judgment on the pleadings and failing to provide an analysis under Ohio Rule of Civil Procedure 12. The cited case has no applicability to Plaintiff's claim and does not support liability for Ms. Holbrook or MPM.

"Plaintiff contends that any and all of the claims against the HOA and the Board are equally applicable to Kathy Holbrook and Metropolitan Property Management." (*Complaint*, p. 17, ¶ 41). First, Plaintiff fails to adequately plead claims against Ms. Holbrook or MPM through a single sentence. This sentence violates Rule 8's requirement for "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. "Rule 8 requires a 'plain' statement of the claim because 'the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial.'" *Johnson v. Lampley*, No. 3:24-CV-1304, 2025 WL 2415797, at *2 (M.D. Tenn. Aug. 20, 2025) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). "A court is not obligated to 'stitch together cognizable claims for relief from [a] wholly deficient pleading' filed by a plaintiff." *Id*. (citing *Shophar v. United States*, 838 F. App'x 328, 333 (10th Cir. 2020)). Neither defendants nor this Court are required to piece together Plaintiff's allegations against Ms. Holbrook and MPM based on this single sentence.

Second, Plaintiff fails to plead any facts alleging Ms. Holbrook acted individually or

outside the scope of her employment. "A basic principle of agency is that a corporation can act only through the authorized acts of its corporate directors, officers, and other employees and agents. Thus, the acts of the corporation's agents are attributed to the corporation itself." *Hall v. Crenshaw*, 449 S.W.3d 463, 472 (Tenn. Ct. App. 2014) (quoting *Trau–Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 703 (Tenn. 2002)). Ms. Holbrook is a former employee of defendant MPM. (*Complaint*, p. 4 and Docket Entry No. 21, Plaintiff's Motion to Clarify GRSM Notices of Appearance and Exhibit 3 to Motion). Plaintiff alleges Ms. Holbrook issued the violation notice and participated in follow up communication with Plaintiff – including an email in which Plaintiff threatened her to "proceed at your own risk." (*Complaint*, p. 6-8). The referenced emails, attached as exhibits to Plaintiff's Complaint, demonstrate Ms. Holbrook used the email address customerservice@metropolitanpropertymgmt.com and her email signature lists "Metropolitan Property Management on behalf of Bradford Hills Homeowners Association Inc." (*See*, e.g. Exhibit 12 to *Complaint*). Plaintiff does not allege Ms. Holbrook acted outside the scope of her employment or took any individual action unrelated to her employment. Her actions as an agent do not subject her to individual liability.

Third, if any claims are raised against Ms. Holbrook or MPM, they fail for the reasons listed above. Plaintiff has not alleged a race discrimination, harassment, or retaliation claim under the Fair Housing Act as against any defendant. Plaintiff does not allege MPM was a party to the Settlement Agreement. Plaintiff specifically pleads another entity, Timmons Properties, was "the management company at the time" of Plaintiff's state court action and MPM "replac[ed] Timmons Properties." (*Complaint*, p. 5 and 6). Plaintiff does not allege Ms. Holbrook was a party to the Agreement. "The law presumes that a contract has been executed solely for the benefit of those who are parties to it. Thus, the general rule is that an individual who is not a party to a contract

cannot sue for its breach." *Smith v. Chattanooga Med. Invs., Inc.*, 62 S.W.3d 178, 185 (Tenn. Ct. App. 2001). Claims based on an alleged violation of the Settlement Agreement are not properly brought against Ms. Holbrook or MPM. Likewise, neither Ms. Holbrook nor MPM were parties in the state court action. (*See Complaint*, p. 5 and 6). Plaintiff's claims related to the "court order" are also not properly brought against Ms. Holbrook or MPM. Plaintiff attempts, in a single sentence, to raise up to six claims against Ms. Holbrook and MPM. Plaintiff has failed to do so, and these claims must be dismissed.

**I. Plaintiff is Not Entitled to a Declaratory Judgment**

"The federal Declaratory Judgment Act permits the federal courts, 'upon the filing of an appropriate pleading, [to] declare the rights and other legal relations of any interested party seeking such declaration.'" *Freeman Mgmt. Corp. v. Shurgard Storage Centers, LLC*, 461 F. Supp. 2d 629, 644 (M.D. Tenn. 2006) (quoting 28 U.S.C. § 2201(a)). "District courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Id*. (quoting *AmSouth Bank v. Dale*, 386 F.3d 763, 784 (6th Cir.2004) (internal quotation marks omitted). "In determining whether to exercise this discretion, courts must determine whether the case represents a controversy that is 'definite and concrete, touching the legal relations of parties having adverse legal interests.'" *Id*. (quoting *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240–41, 57 S.Ct. 461, 81 L.Ed. 617 (1937)). "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id*. (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)) (internal quotation marks omitted). "In the actual

implementation of this test, the Supreme Court has continuously emphasized that a substantial degree of concreteness is required in declaratory judgment actions." *Id*.

In the instant action, there is no substantial controversy. Defendants move to dismiss the claims against them. Plaintiff is not entitled to a declaratory judgment.

### J. Defendants Request this Court Dismiss All Claims Against Them With Prejudice

Defendants seek to dismiss all claims against them with prejudice. Defendants have identified as many claims as possible in Plaintiff's Complaint. According to Plaintiff:

> Plaintiff's claims against the Defendants are Discrimination, Harassment and Retaliation (under Title VIII of the Civil Rights Act of 1968 […]), Selective Enforcement […], Breach of Fiduciary Duty by both the HOA and the Board […], Ultra Vires Acts […], Breach of the Settlement Contract […], and Negligence.

(*Complaint*, p. 4).

Each of these claims are addressed in Defendants' Motion, and each of these claims fails and must be dismissed. Defendant objects to any attempt to add to or revise Plaintiff's claims. "Although *pro se* pleadings are held 'to less stringent standards[,]' *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* parties are not excused from complying with simple, easily-understandable requirements that make for orderly proceedings." *Johnson v. Lampley*, No. 3:24-CV-1304, 2025 WL 2415797, at *1 (M.D. Tenn. Aug. 20, 2025) (citing *Brown v. L.E. Woodward*, 1998 WL 211785, at *1 (6th Cir. Apr. 23, 1998)) (a *pro se* litigant is not "relieved of the responsibility to comply with the basic rules of court"); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases where courts have required *pro se* litigants to adhere to basic pleading requirements).

## III. CONCLUSION

For the foregoing reasons, Defendants request this Court dismiss Plaintiff's Complaint with prejudice against all defendants as it fails to state a claim upon which relief may be granted.

DATED: October 17, 2025

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Samantha Gerken*

Heather Gwinn, BPR 25931
Samantha Gerken, BPR 033582
4020 Aspen Grove Drive, Suite 500
Franklin, Tennessee 37067
Phone: (615) 772-9010
hgwinn@grsm.com
sgerken@grsm.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was sent to those indicated below on October 17, 2025 via U.S. Mail, postage pre-paid and electronic mail:

Monsieur Shawnellias Burgess
3040 Cody Hill Road
Nashville, TN 37211
shawnellias@yahoo.com

*/s/Nicole Canter*
Nicole Canter, Paralegal