IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MONSIEUR SHAWNELLIS BURGESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:25-cv-00930 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| BRADFORD HILLS HOA, et al., ) | MAGISTRATE JUDGE EVANS |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

To allow efficient consideration of the many pending motions in this case, the referral to the Magistrate Judge (Doc. No. 61) is **REVOKED**. The undersigned will consider the pending motions, including Defendants' Motion to Dismiss (Doc. No. 31), and other non-dispositive motions.

### I.   BACKGROUND

Plaintiff Monsieur Shawnellias Burgess ("Plaintiff" or "Burgess") initiated this lawsuit on August 15, 2025. (*See* Complaint, Doc. No. 1 at 1). Plaintiff alleges that the Bradford Hills Homeowners Association (the "HOA"), its property management company, a former employee of the property management company, and members of the board of directors have taken retaliatory and discriminatory actions, including "illegal fines and harassment," against him because of his success in a state court case against the HOA in 2020. (*Id*.). The state case is *Burgess v. Bradford Hills HOA, et al*., Case No. 20C1835, in the 5th Circuit Court for Davidson County, Tennessee. (*See* Doc. No. 1-1 at PageID# 43-52). That case concerned Plaintiff's challenge to the HOA's enforcement of restrictive covenants against him. (*Id*.). The state court judgment determined that Plaintiff had not violated the HOA's restrictive covenants prohibiting "noxious or offensive

activity which **may become and annoyance or nuisance to the neighborhood**," because the covenants were too vague and ambiguous to be enforceable. (*Id*. at PageID# 49-50 (emphasis in original)). The court also found that the restrictive covenants did not include an enforcement remedy of fines. (*Id*. at PageID #49).

In the Complaint, Plaintiff claims that following the state court ruling, the HOA amended the covenants, conditions, and restrictions and then sent him notices of violations and assessed fines against him for the same signs at issue in the state litigation. (Compl., Doc. No. 1).

He brings a federal claim for discrimination under the Fair Housing Act ("FHA"), and state law claims for selective enforcement, breach of fiduciary duty, ultra vires acts, breach of settlement agreement, and negligence.

## II. PRELIMINARY MATTERS

Before turning to the motion to dismiss, the Court will briefly address the numerous other motions pending in this case. The vast majority of these motions are mooted by the dismissal of the case.[1] The Court will, however, briefly address Defendants' motion for extension of time to respond to the Complaint (Doc. No. 22), and Plaintiff's motions to disqualify counsel (Doc. Nos. 29, 30, 35), motion for leave to file under seal (Doc. No. 16), and motion for sanctions (Doc. No. 44).

### A. Motion for Extension of Time

In the motion for extension of time, Defendants sought an extension of time to respond to the complaint to October 17, 2025, and an additional 30 days to respond to Plaintiff's pending

---

[1] These include the following motions filed by Plaintiff: motions for injunction (Doc. Nos. 12, 46); motions to supplement motions for injunction (Doc. No. 15, 70); motion for jury demand (Doc. No. 14); motion to clarify notice of appearance (Doc. No. 21); motion for judicial notice (Doc. No. 50); motion for order on unopposed motion to take judicial notice (Doc. No. 50); motion for clarification (Doc. No. 68); and motion to ascertain status (Doc. No. 75). Defendant's motion to strike (Doc. No. 77) is also moot. Any motions not specifically mentioned are moot.

motions, at which point there were six, to allow time to review the numerous motions and to permit the filing of consolidated responses. The Court finds good cause for the extension of time. Accordingly, the motion for extension of time (Doc. No. 22) is **GRANTED**, and is retroactive. Accordingly, Defendants' motion to dismiss, which was filed on October 17, 2025, was timely filed. Plaintiff's emergency motion for a ruling on the motion, correction, motion to supplement response in opposition, and motion to strike, all of which pertain to the motion for extension of time (Doc. Nos. 24, 25, 26, 27) are **DENIED as MOOT**.

### B. Motions to Disqualify Counsel

Plaintiff's motions to disqualify counsel for the defendant, motion to supplement the motion to disqualify, and second supplement (Doc. Nos. 29, 30, 51) are grounded on Plaintiff's contention that the Defendants should be represented by separate counsel due to potential conflicts of interest among the defendants. As an initial matter, Plaintiff does not have standing to assert opposing counsel's alleged conflict of interest when he does not claim to be a current or former client. *See Willis v. First Bank Nat. Ass'n*, 916 F.2d 714 (6th Cir. 1990) ("[P]laintiff's standing to assert opposing counsel's alleged conflict of interest is questionable at best."). Although joint representation may present constitutional issues in criminal cases, the same is not true for representation in civil matters. Moreover, any potential conflicts may be waived by the defendants. Accordingly, the motions to disqualify counsel (Doc. Nos. 29, 30, 51) are **DENIED**. Plaintiff's motion for the Court to rule on the motion to disqualify (Doc. No. 35) is **DENIED AS MOOT**.

### C. Motion for Leave to File Document Under Seal

Plaintiff's motion for leave to file document under seal (Doc. No. 16) seeks to seal the confidential settlement agreement between the HOA and Plaintiff from a prior state case. (Doc. No. 16). The Court finds sealing the document is appropriate. Accordingly, the motion is

**GRANTED**. The document filed at docket entry 17 shall remain under seal. Plaintiff's signed letter of correction (Doc. No. 18), which is a duplicate of the motion to seal, is **MOOT**.

**D. Motion for Sanctions**

Plaintiff filed a motion for sanctions seeking to strike Defendants' motion to dismiss as a sanction for alleged misrepresentations in the memorandum. (Doc. No. 44). Plaintiff argues that by asserting that the state court order was not "final," Defendants are "trying to avoid the preclusive effect of the state court's judgment." (*Id*. at 1). Plaintiff contends that this is an "abuse of judicial process" and that the Court should strike Plaintiff's motion to dismiss and impose monetary or other sanctions as it deems appropriate. (*Id*. at 6).

The portion of Defendants' memorandum to which Plaintiff objects states:

> Plaintiff cites to Tennessee Circuit Court case 20C1835, which held, regarding a 2020 Complaint filed by Plaintiff about another HOA violation notice, "Plaintiff has not violated the Bradford Hill's HOA's CCRs." (Docket Entry No. 1-1, Exhibit 2 to Complaint). Plaintiff characterizes this as a "final order," though it is more specifically the "Court's Final Order on Plaintiff's Request for a Declaratory Judgment as Interpreted by the Court of Appeals' Opinion." *Id*. The State Court docket for this matter continues until January 17, 2025, and includes 156 docket entries after this Order. Plaintiff appears to raise, in the instant Complaint, claims defendants have violated the State Court's 2023 Order. Following entry of this Order, the parties to the State Court Action entered a Settlement Agreement. (Complaint, p. 5).

(Doc. No. 31-1 at 2). The Court has reviewed the record of the state court proceeding and finds that Defendants have not misrepresented the record. Accordingly, Plaintiff's motion for sanctions (Doc. No. 44) is **DENIED**.

## III. MOTION TO DISMISS[2]

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir.

---

[2] At the conclusion of his motion for the Court to rule on the motion to disqualify Defendants' attorneys, Plaintiff requests the court delay consideration of the motion to dismiss until after the motion to disqualify is resolved and states that he intends to file an amended complaint after the disqualification issue is decided. (Doc. No. 35). Because Plaintiff has not filed a motion for leave to amend, filed an amended complaint, or provided any information concerning the substance of an amended complaint, particularly information to suggest the amendment would survive a motion to dismiss, the Court declines to delay adjudication of the motion to dismiss.

2008). Here, the Court has also reviewed filings from the state court case which are attached to the Complaint and a public record.

## B. Fair Housing Act

Plaintiff's sole federal cause of action is a claim for discrimination under the Fair Housing Act ("FHA"), specifically 42 U.S.C. §§ 3604(a) and 3617. Section 3604(a) prohibits discrimination against "any person because of race, color, religion, sex, familial status, or national origin" in the rental or sale of housing. 42 U.S.C. § 3604(a). Section 3617 protects plaintiffs who "aided or encouraged" the housing rights enumerated in the statute and "allows a plaintiff to step into the shoes of the victims of certain types of housing discrimination when the plaintiff faces retribution for providing encouragement to the victims." *Linkletter v. Western & Southern Fin. Grp., Inc.*, 851 F.3d 632, 637 (6th Cir. 2017) (citing 42 U.S.C. § 3617). "To qualify for a § 3617 claim, a defendant's 'interference' must still be in retaliation for a plaintiff having 'aided or encouraged' another's enjoyment of the housing rights protected by §§ 3603–06." *Id.* at 638. To survive a motion to dismiss, a plaintiff must plead sufficient facts to give rise to a plausible inference of discrimination; conclusory allegations of discriminatory intent are insufficient. *See HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 612-13 (6th Cir. 2012) ("A complaint that includes only conclusory allegations of discriminatory intent without supporting factual allegations does not sufficiently show entitlement to relief.").

Defendants argue the FHA claim should be dismissed because Plaintiff has not stated facts from which a plausible inference of discrimination can be drawn. The Court agrees.

The Complaint makes the following allegations regarding racial discrimination:

- The Defendants have harassed, discriminated and retaliated against the Plaintiff because he won his state case (20C-1835) by breaching the settlement agreement, ignoring a court's declaration that he is not in violation of the HOA's CCR [Covenants, Conditions, and

6

Case 3:25-cv-00930   Document 81   Filed 03/13/26   Page 6 of 8 PageID #: 878

Restrictions] and trying to force him to violate Metro Ordinance 8.04.110 [ ]. The Defendants have fined the Plaintiff despite a state court determining that the HOA doesn't have the authority to levy fines pursuant to its CCRs." (Compl., Doc. No. 1 at 2).

- The Defendants' motivation was based on Plaintiff's race and his status as a victor in the previous legal case (20C-1835). In addition the Defendants have demonstrated Selective Enforcement of the HOA's rules which list that Homeowners are required to abide by pet laws to which Plaintiff is but the HOA has illegally fined him for following their written rule. Also, the HOA for the 2nd time is not following the CCR's mandatory enforcement process … (*Id*.)

- "Plaintiff contends that when the HOA issues fines to him as a homeowner after a court has declared there is no violation, and he as the homeowner belongs to a minority group, it is undeniably [sic] that the HOA's actions are clearly racism, harassment, and/or retaliation. (*Id*. at 5).

- Plaintiff contends that if a court has declared a minority homeowner is not in violation of the CCRs, and the HOA continues to fine that individual, the conduct is actionable under the FHA as it is motivated by discriminatory intent. (*Id*. at 9).

- Plaintiff contends that his race is the primary factor in the HOA's persistence to violate him for signs in his yard. (*Id*.).

- Plaintiff contends because of his race the HOA and Board persist [in fining Plaintiff for signs in his yard]. (*Id*. at 10).

Plaintiff's allegations of racial discrimination are merely conclusory and appear to be based solely on the fact that he is "a minority homeowner." These conclusory allegations are insufficient to plausibly state a claim for relief under the FHA. Accordingly, the motion to dismiss this claim is **GRANTED**.

Having dismissed the only federal claim, the Court declines to exercise supplemental jurisdiction over the remaining claims. *See Hester v. Chester Cty., Tenn.*, 162 F.4th 780, 790 (6th Cir. 2025) ("A district court may decline to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction.") (citing 28 U.S.C. § 1367(c)(3)).

## IV. CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (Doc. No. 31) is **GRANTED**. The claim for violation of the FHA is **DISMISSED WITH PREJUDICE** and the state law claims are **DISMISSED WITHOUT PREJUDICE**.

Defendants' motion for extension of time to respond to the Complaint (Doc. No. 22) is **GRANTED**. Plaintiff's motion for leave to file under seal (Doc. No. 16) is **GRANTED**. Plaintiff's motions to disqualify counsel (Doc. Nos. 29, 30, 35) and motion for sanctions (Doc. No. 44) are **DENIED**. All other pending motions are **DENIED AS MOOT** and the Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE